IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUISE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 16 cv 4298 |
| CALUMET CITY POLICE OFFICERS ) | |
| BURNETT AND ERICKSON and ) | |
| CALUMET CITY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Calumet City Police Officers Burnett and Erickson and the City of Calumet City, by their attorneys, Odelson & Sterk, Ltd., and for its Answer to Plaintiff's Complaint state as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

    **ANSWER:** **Defendants admit the allegations contained in paragraph 1.**

2. Plaintiff Marquise Wright is a resident of the Northern District of Illinois.

    **ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 2, thereby in effect denying same.**

3. Defendant Calumet City is joined in this action under the Court's supplemental jurisdiction; plaintiff asserts only a state law claim of malicious prosecution against the City.

    **ANSWER:** **Defendants admit Defendant Calumet City is joined in this action pursuant to**

**supplemental jurisdiction and that plaintiff asserts only a state law claim of malicious prosecution against the City, but denies that Plaintiff is entitled to any relief under such claim.**

4. Defendant Calumet City Police Officers Burnett and Erickson were, at all times relevant, acting under color of his office as a police officer of defendant Calumet City, Illinois.

**ANSWER: Defendants admit Calumet City Police Officer Burnett and Erickson were officers employed by the City of Calumet City during the events alleged in Plaintiff's Complaint. The remainder of paragraph 4 sets forth legal conclusions to which no answer is required.**

5. In the evening of December 21, 2014, defendants Burnett and Erickson arrested plaintiff as a suspect in a homicide that had occurred earlier that day.

**ANSWER: Defendants admit Defendant Burnett arrested Plaintiff. Defendants deny the remaining allegations contained in paragraph 5.**

6. At the time they arrested plaintiff, Defendants Burnett and Erickson did not have a warrant authorizing the arrest of plaintiff.

**ANSWER: The Defendants admit Defendant Burnett did not have a warrant authorizing the arrest of Plaintiff.**

7. At the time they arrested plaintiff, Defendants Burnett and Erickson were not aware of any facts that could have caused a reasonably prudent police officer to believe that plaintiff had committed an offense.

**ANSWER:** **Defendants deny the allegations contained in paragraph 7.**

8. Following his arrest, plaintiff remained in custody at the Calumet City police department until December 25, 2014.

**ANSWER:** **Defendants admit the allegations contained in paragraph 8.**

9. Defendant Burnett and/or Defendant Erickson caused plaintiff to be held in custody at the Calumet City police department while Burnett, Erickson and other officers sought to build a case against plaintiff.

**ANSWER:** **Defendants deny the allegations contained in paragraph 9.**

10. Defendants Burnett, Erickson, and the other officers were unable to build a case against plaintiff.

**ANSWER:** **Defendants deny the allegations contained in paragraph 10.**

11. Acting with the intent to cause plaintiff to be held in custody, defendants Burnett and Erickson fabricated evidence against plaintiff. The fabricated evidence included the creation of police reports containing material false statements, including: a) That plaintiff had admitted to having possessed a firearm, and b) that a witness had observed plaintiff in the possession of a firearm.

**ANSWER:** **Defendants deny the allegations contained in paragraph 11.**

12. As a result of the fabrication of evidence, plaintiff was charged with an offense, required to hire an attorney, and held in custody until April 30, 2015 when the prosecution because aware of the fabrications and dismissed the case.

**ANSWER:** **Defendants admit Plaintiff was in custody until April 30, 2015 until the Cook**

**County State's Attorney made a motion to nolle prosse the case, but Defendants deny the remaining allegations contained in paragraph 12.**

13. As a result of the foregoing, plaintiff was falsely arrested, held in custody in violation of the Fourth and Fourteenth Amendments, and subjected to the Illinois tort of malicious prosecution.

**ANSWER: Defendants deny the allegations contained in paragraph 13.**

14. Plaintiff hereby demands trial by jury.

**ANSWER: Defendants admit Plaintiff demands a trial by jury.**

## AFFIRMATIVE DEFENSES

**Affirmative Defense #1:**

At all times material to the events alleged in Plaintiff's complaint, a reasonably competent municipal officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity as a matter of law.

**Affirmative Defense #2**:

Pursuant to Section 2-102 of the Tort Immunity Act, the City of Calumet City cannot be held liable for punitive damages. 745 ILCS 10/2-102.

**Affirmative Defense #3:**

Pursuant to Section 2-109 of the Tort Immunity Act, the City of Calumet City cannot be held liable for any injury resulting from the act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

**Affirmative Defense #4:**

Pursuant to Section 2-201 and 2-109 of the Tort Immunity Act, the City of Calumet City cannot be held liable for an injury resulting from an act or omission in determining policy. 745 ILCS 10/2-201; 745 ILCS 10/2-109.

**Affirmative Defense #5:**

Pursuant to Section 2-202 and 2-109 of the Tort Immunity Act, the City of Calumet City cannot be held liable for any act or omission the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202; 745 ILCS 10/2-109.

**Affirmative Defense #6:**

Pursuant to Section 2-208 and 2-109 of the Tort Immunity Act, the City of Calumet City cannot be held liable for the instituting or prosecuting of any judicial proceeding done within an employee's scope of employment unless it was done with malice and without probable cause.

**Affirmative Defense #7:**

Probable cause existed for Plaintiff's arrest.

                                              Respectfully submitted,

                                              CITY OF CALUMET CITY

                                By:      /s/ Amy E. Zale
                                                One of its attorneys

Richard F. Bruen, Jr.
Amy E. Zale
**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
Attorney No. 91071