UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUISE WRIGHT, | ) |
| Plaintiff, | ) Case No. 16-cv-4298 |
| v. | ) Judge Sharon Johnson Coleman |
| CALUMET CITY POLICE OFFICER BARICH and CALUMET CITY, ILLINOIS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Marquise Wright, brings this action against Calumet City, Illinois, and Calumet City Police Sergeant Barich, alleging that Sergeant Barich unlawfully detained him in violation of the Fourth Amendment and that both defendants maliciously prosecuted him in violation of Illinois law. The parties have filed cross-motions for summary judgment. For the reasons set forth herein, the defendants' motion for summary judgment [64] is granted in part and denied in part, and the plaintiff's partial motion for summary judgment [67] is granted in part and denied in part.

**Background**

The following facts are undisputed unless otherwise noted. Wright was hired to provide security for a December 20, 2014, house party in exchange for $300. Wright arrived at the party around 10:00 PM and posted himself at the front door, where he checked people entering the party for weapons. Despite Wright's efforts, a shooting occurred at the party during the early hours of December 21, 2014. Following the shooting, Wright left the scene.

Calumet City contacted the South Suburban Municipal Crime Task Force (SSMCTF) to assist in its investigation of the shooting. SSMCTF Investigators interviewed Wright at the Calumet City police station on December 21st. According to those officers, Wright admitted that prior to attending the party he had obtained a gun from Eric Neely and that he had subsequently returned the gun at Neely's residence. The commander of the SSMCTF, Matt Gainer, subsequently interviewed Wright, who reportedly confirmed that he had been armed at the party and had returned the gun to Neely afterwards. Wright disputes ever having informed the officers that he was armed at the party.

Following Commander Gainer's interview with Wright, Wright showed Officer Summers where Neely lived. Officer Summers informed Commander Gainer of this fact, and Commander Gainer directed Investigator Montez to prepare a search warrant application, which was subsequently approved and executed on December 22nd. During the search a gun was recovered and Sergeant Barich, who was one of the officers executing the warrant, completed a gun recovery form. At Sergeant Barich's direction, Wright was placed under arrest during the early morning of December 22nd.

On December 24th, Sergeant Barich contacted the state's attorney's felony review division to get approval for a gun charge against Wright, and Assistant State's Attorney Foss approved charging Wright with unlawful use of a weapon by a felon and aggravated unlawful use of a weapon. Barich subsequently drafted a criminal complaint against Wright based on Wright's prior convictions and admissions to task force investigators. That complaint was presented to a judge on December 25, 2014, and Wright was subsequently detained until a grand jury indictment was returned against him on January 15, 2015. Wright's criminal case was ultimately nolle prossed and Wright was released from custody.

On December 24, 2014, Wright filed a lawsuit against Calumet City because he had been held in custody in excess of 48 hours without a probable cause hearing. That lawsuit was terminated when Wright accepted a $5,000 Rule 68 offer of judgment for "all claims brought under this lawsuit." Wright subsequently filed the present action which, following the consolidation of a subsequent suit and the voluntary dismissal of some of the individually named defendants, is brought against Calumet City and Sergeant Barich. Wright now alleges that Sergeant Barich caused his unlawful detention from the time of the December 25, 2014, preliminary hearing until the grand jury indictment was returned on January 15, 2015 and that both defendants maliciously prosecuted him in violation of state law.

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). A mere scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson*, 477 U.S. at 252.

**Discussion**

The defendants contend that this Court lacks jurisdiction over Wright's constitutional claim premised on the duration of his post-arrest detention because there is no active case or controversy. They base this contention primarily on *Wright v. Calumet City*, 848 F.3d 814 (7th Cir. 2017), in which

3

the Seventh Circuit ruled that Wright lacked standing to appeal matters of class certification following his acceptance of the offer of judgment in that case. The Seventh Circuit's decision, however, was based on the fact that Wright had accepted the offer of judgment as full redress for all of his claims in that specific case, and therefore could not demonstrate any ongoing personal stake in the continued litigation of that case. Here, by contrast, Wright is proceeding against Barich in his individual capacity and is alleging constitutional violations which were not subject to his prior suit. Accordingly, Wright's complaint establishes the existence of an active case or controversy.

The defendants alternatively contend that res judicata precludes the relitigation of Wright's constitutional claim. Because Wright's prior claim was litigated in federal court, federal res judicata principles apply here. *Czarniecki v. City of Chicago,* 633 F.3d 545, 548 n. 3 (7th Cir. 2011). Under the doctrine of res judicata, a final judgment on the merits of an action precludes the relitigation of issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "The three requirements for res judicata under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002).

It has been recognized within this district that an accepted offer of judgment constitutes a final judgment on the merits for purposes of res judicata. *Sanchez v. Apostolou*, No. 12 C 4860, 2013 WL 389031, at *2 (N.D. Ill. Jan. 30, 2013) (Kennelly, J.) (drawing from clear federal authority establishing that consent judgments are judgments on the merits for purposes of claim preclusion). It is well-established, however, that an individual sued in his personal capacity is not generally considered to be in privity with the government entity that employs him. *Kykta v. Ciaccio*, 633 F. App'x 340, 343 (7th Cir. 2015). Wright's prior suit, moreover, was filed on December 24, 2014, and concerned solely Wright's warrantless detention prior to that time. Thus, it cannot be said that the

4

prior litigation concerned the same core of operative facts as this case, which involves alleged constitutional violations occurring after the events at issue in that case. *See Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) ("Res judicata does not bar a suit based on claims that accrue after a previous suit was filed."). Accordingly, res judicata does not preclude Wright's Fourth and Fourteenth Amendment claims.

The defendants contend that summary judgment should be granted on Wright's malicious prosecution claim. In order to survive summary judgment under Illinois law, a plaintiff alleging malicious prosecution must identify evidence establishing (1) the commencement or continuation of a criminal proceeding against him, (2) termination of that proceeding in his favor, (3) the absence of probable cause for the proceeding, (4) the presence of malice on the defendant's part, and (5) actual damages. *Boyd v. City of Chicago*, 880 N.E.2d 1033, 1045, 378 Ill.App.3d 57 (2007).

Here, the criminal case against Wright was nolle prossed. Although this action clearly terminated the criminal case, it does not inherently establish that the case terminated in a manner favorable to the plaintiff. *Ferguson v. City of Chicago*, 820 N.E.2d 455, 460, 213 Ill.2d 94 (2004).

> Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof. The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are nol-prossed a civil malicious prosecution action could result.

*Swick v. Liautaud*, 662 N.E.2d 1238, 1243, 169 Ill.2d 504 (1996) (internal citations omitted). The only evidence concerning the reason that the *nolle prosequi* was entered is Assistant State's Attorney Caraher's declaration statement that the action was not due to the "conduct" of any police officer. Wright has failed to identify any evidence as to the reason for the *nolle prosequi*. Instead, Wright argues that misconduct may be inferred because there is no other reason that the prosecutor would drop otherwise well-supported criminal charges. Wright's argument and conjecture, however, are

5

not evidence, and Illinois' law is clear that dropped charges, absent more, do not compel an inference that there were not reasonable grounds for a criminal prosecution. *Id.* Accordingly, Wright has failed to provide evidence establishing a genuine dispute of material fact as to whether the criminal proceedings against him terminated in his favor. The defendants are therefore entitled to summary judgment on Wright's malicious prosecution claim.

Having resolved the defendants' motion for summary judgment, the Court turns to Wright's motion for partial summary judgment on his Fourth Amendment claims. Wright contends that summary judgment is warranted on his claim that he was subject to unreasonable post-arrest detention without a judicial determination of probable cause. This claim is brought against Sergeant Barich in his personal capacity, and therefore does not implicate the prior offer of judgment from Calumet City. In order to sue a defendant in their individual capacity under section 1983, a plaintiff must establish that the defendant was personally responsible for the deprivation of a constitutional right. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Although direct participation is not necessary, there must at least be a showing that the defendant acquiesced in some demonstrable way in the alleged constitutional violation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003).

The Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 47, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Wright contends that he was unlawfully detained between the preliminary hearing on December 25, 2014, and the return of the grand jury indictment on January 15, 2015. Wright contends that his detention for that period was unconstitutional because the criminal complaint against him was fraudulently executed. The undisputed facts here establish that Sergeant Barish improperly signed Officer Burnett's name as the complainant on the criminal complaint, and then falsely affirmed that he had witnessed Burnett's signature. The Seventh Circuit,

6

in an identical situation, held that such misconduct invalidated the judicial determination of probable cause because "a fraudulent complaint cannot provide the sole basis for a finding of probable cause." *Haywood v. City of Chicago,* 378 F.3d 714, 719 (7th Cir. 2004). The defendants do not contest the fraudulent nature of the criminal complaint here and have identified no evidence to suggest that the judge's probable cause finding was based on any evidence other than the complaint in question.[1] The undisputed evidence therefore clearly establishes that Wright was detained without a valid judicial finding of probable cause between December 25, 2014, and January 15, 2015. The undisputed evidence also clearly establishes that Sergeant Barich was personally responsible for this detention through his fraudulent execution of the criminal complaint in this case. Accordingly, summary judgment is warranted in Wright's favor on his wrongful detention claim concerning the period from December 25, 2014, to January 15, 2015.

As a final matter, the Court notes that the defendants argued that they were entitled to qualified immunity on Wright's malicious prosecution claim.[2] This Court has already determined that the defendants are entitled to summary judgment on that claim, and accordingly need not address their additional arguments concerning qualified immunity.

**CONCLUSION**

For the foregoing reasons, the defendants' motion for summary judgment [64] is granted in part and denied in part and the plaintiff's partial motion for summary judgment [67] is granted in part and denied in part. The Court grants summary judgment in Wright's favor on his Fourteenth Amendment claims and grants summary judgment in the defendant's favor on Wright's malicious

---

[1] The defendants, in their briefs, assert that the Judge also considered the search warrant and other documents from the State's Attorney's files before issuing the probable cause determination. There is no evidence identified in the defendants' Rule 56.1 statements or the briefs to establish that this was the case. The Court is accordingly obligated to disregard this unsubstantiated argument.

[2] Based on the caselaw and reasoning that the defendants' arguments advance, this Court believes that the defendants are only asserting qualified immunity as to the malicious prosecution claim. To the extent they intended their arguments to encompass Wright's Fourteenth Amendment claim, such arguments would plainly fail in light of the Seventh Circuit's explicit holding in *Haywood*, 378 F.3d at 717–19.

7

prosecution claims. A status hearing is set for 7/9/2018 at 9:00 AM in order to determine how the parties wish to proceed with respect to calculating the damages arising from Wright's Fourteenth Amendment claim.

IT IS SO ORDERED.

Date: 6/4/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge